The law practice of
# J. GREENBERGER, PLLC

(718) 502-9555                                                                                              Jordan Greenberger, Esq.
www.jgreenbergerlaw.com                                                                    jordan@jgreenbergerlaw.com

May 22, 2020

<u>VIA ECF (Letter-Motion)</u>
Judge Vernon S. Broderick
U.S. District Court, SDNY

Re:   <u><i>Opinaldo v. Francesca Simons Consulting Inc.</i>; 1:20-cv-02865-VSB</u>

Your Honor,

   I was engaged yesterday to represent defendant Francesca Simons Consulting Inc. ("Defendant") in the above-referenced action.  Defendant is a jewelry publicist, and Plaintiff alleges that one of Defendant's Instagram posts infringed Plaintiff's copyright in a celebrity photograph.  As further detailed below, I submit this letter motion to respectfully request the Court enter an order: (1) extending Defendant's time to respond to the complaint to June 15; (2) requiring Plaintiff and/or his counsel to post security for costs; and (3) compelling Plaintiff to provide evidence of licensing history for the subject photograph and proof that the photograph was included in the cited copyright registration.

<u>Extension of Time</u>

   The complaint was filed on April 6, and according to the affidavit of service Defendant was served via the New York Secretary of State on April 10 [Doc. 4].  Defendant's time to respond to the complaint was therefore May 1, 2020 [21 days later; FRCP 12(a)(1)(A)(i)].  However, the address Defendant has on file with the Secretary of State is its accountant's office and due to delays caused by the pandemic Defendant did not receive notice of the lawsuit until the week of May 11.  Indeed, Plaintiff did not try to address the alleged issue with Defendant at any time before filing suit; the complaint was a complete surprise to Defendant.  On May 14, Defendant's principal emailed Plaintiff's counsel requesting a 30-day extension of time to respond to the complaint, with the hopes of reaching a prompt resolution in the interim (further discussed below).  On May 15, Plaintiff's counsel emailed Defendant's principal agreeing to the extension.  Accordingly, Defendant respectfully requests that the court extend its time to respond to the complaint until June 15.[1]  This is Defendant's first request for an extension.

<u>Security & Compelling Document Production</u>

   This case, respectfully, has the hallmarks of a copyright "trolling" case brought by Plaintiff's attorney, Mr. Richard Leibowitz.  In 2018, Judge Cote publicly criticized Mr. Liebowitz for his firm's practice of filing hundreds of cases asserting claims of copyright infringement focused on obtaining quick settlements priced just low enough that it is less

---

[1] 30 days from Defendant's email is a Saturday (June 13).

<i>Mailing Address</i>: 41 Watchung Plaza, #334, Montclair, NJ 07042

New York Office: 500 Seventh Avenue, 8th Floor, New York, NY 10018

J. Greenberger, PLLC                                                                                                May 22, 2020
1:20-cv-02865-VSB

expensive for the defendant to pay the troll than defend the claim. *McDermott v. Monday Monday, LLC*, No. 17CV9230 (DLC), 2018 WL 5312903, at *3 (S.D.N.Y. Oct. 26, 2018). The filings have continued, as have various judicial decisions concerning Mr. Leibowitz's conduct. In a very recent decision that collected citations to numerous decisions concerning sanctions against Mr. Leibowitz, a Magistrate Judge in Colorado described Mr. Leibowitz as "a clear and present danger both to the administration of justice generally, and to the interests of his own clients." *Mondragon v. Nosrak LLC*, No. 1:19-cv-01437-CMA-NRN, 2020 WL 2395641 (D. Colo. May 11, 2020) [Doc. 51].

Accordingly, consistent with other courts in this district, Defendant respectfully requests that the Court order Mr. Liebowitz (or his client) to post security as a condition of proceeding with the case. Local Civil Rule 54.2. The *Mondragon* decision (at *5) identified four decisions from the Eastern and Southern Districts of New York imposing such a condition. *Lee v. W Architecture and Landscape Architecture, LLC*, 18-cv-05820 (PKC) (CLP), 2019 WL 2272757 (E.D.N.Y. May 28, 2019) (granting defendant's motion for $10,000 cost bond, citing in part Mr. Liebowitz's failure to timely file motion papers and history of failing to follow court orders in other cases); *Reynolds v. Hearst Comm'ns, Inc.*, 17-cv-6720 (DLC), 2018 WL 1229840 (S.D.N.Y. March 5, 2018) (finding that Mr. Liebowitz had failed to comply with court orders, "as he has in other lawsuits" and ordering the plaintiff to post a bond of $10,000); *Leibowitz v. Galore Media, Inc.*, 18-cv-2626 (RA) (HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (denying motion for reconsideration of order requiring $10,000 cost bond citing "history of con-compliance with court orders in similar actions"); *Cruz v. Am. Broadcasting Cos., Inc.*, 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017) (ordering Mr. Liebowitz's client to show cause why an order should not be entered requiring security for costs as a condition of proceeding further).

In addition to conduct in other cases, in this case Plaintiff already has failed to comply with a basic filing requirement for copyright infringement actions: the filing of a form AO 121. The Clerk notified Mr. Liebowitz that the form was missing on April 7, and the issue still has not been cured (*see* docket). Defendant also notes that it has a viable fair use defense inasmuch as Exhibit B to the Complaint appears on its face to be transformative of and to comment upon Exhibit A. 17 U.S.C. § 107; *generally Estate of Smith v. Graham*, 799 F. App'x 36, 39 (2d Cir. 2020); *Harbus v. Manhattan Inst. for Policy Research, Inc.*, No. 19 CIV 6124 (ER), 2020 WL 1990866, at *3 (S.D.N.Y. Apr. 27, 2020) (another of Mr. Liebowitz's cases).

Lastly, with respect to compelling the production of certain documents, Defendant's principal's May 14 email to Plaintiff's counsel expressed an openness to reach a prompt resolution and requested copies of all licenses Plaintiff issued for use of the photograph and proof that the photograph was registered as part of the cited copyright registration. Registration is required to commence a copyright infringement action[2] [*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019)], and both categories of documents (a) are subject to disclosure; and (b) are relevant to analyzing for settlement purposes the amount of damages Plaintiff might recover should he ultimately prevail on the merits (*Sands*, *supra*). Plaintiff's counsel did not respond with the requested documents, and instead offered to settle the case for

---

[2] According to the Copyright Office's website, the registration cited in the complaint (VA0002173329) is a group registration of over 750 photographs published in September 2019.

J. Greenberger, PLLC  May 22, 2020
1:20-cv-02865-VSB

---

$25,000.  Respectfully, even if Plaintiff were to prevail and had satisfied the eligibility requirements for statutory damages under the Copyright Act (17 U.S.C. §§ 412 and 504(c)), Defendant suspects that Plaintiff's licensing history (if any) would result in a 3 digit statutory damages award, not a statutory damages award in the 4, 5 or 6 digit range.  *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 359 (S.D.N.Y. 2017) (owner of copyright in celebrity photographs awarded the greater of the minimum statutory damages of $750, or five times the reasonable licensing fee, for each of six infringing images).  By compelling disclosure now and requiring Plaintiff to post security for costs, the Court may be able to nip this case in the bud.

Wishing the court safety, health, and an enjoyable Memorial Day,

/s/ Jordan Greenberger
Jordan Greenberger, Esq.

cc:   Plaintiff's counsel (via ECF)

---

 Application granted in part and denied in part.  Defendant shall have until June 15, 2020 to respond to the complaint.  Plaintiff is directed to file Form AO 121 and produce the relevant copyright registration documents no later than June 5, 2020.  Defendant's request for an order directing Plaintiff to post security, and for an order compelling the production of the photograph's licensing history, is DENIED at this time.  However, Plaintiff is encouraged to produce any relevant licensing history for purposes of furthering the parties' settlement talks.

SO ORDERED:

*/s/ Vernon Broderick*

HON. VERNON S. BRODERICK   5/26/2020
UNITED STATES DISTRICT JUDGE